Dear Mr. Roy:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the Lafayette Parish School Board in regard to the DROP program under R.S. 17:425.1 as enacted by Act 302 of 1993.
Under that plan, you ask whether a school board employee who has signed up for the DROP plan may receive severance pay before that employee actually retires, and if it may be done upon entry into the DROP plan.
You also ask if such a person, who has signed up for the DROP plan, and receives said monies and later decides to opt out of the DROP plan, must return the money to the school system, and await for the payment again at retirement.
R.S. 17:425.1 provides as follows:
 Notwithstanding any other provision of law to the contrary, any employee of a parish or city school board, Special School District Number One, the State Board of Elementary and Secondary Education, or other boards of control of publicly supported elementary or secondary schools or public institutions of higher education who participates in the Deferred Retirement Option Program provided by R.S. 11:786 or 1152 shall be eligible for and may elect to receive on a one-time only basis severance pay upon entering the program on the same basis as any other employee who retires or otherwise leaves employment.
In a recent opinion this office concluded under this statute that those employees already in the DROP program, as well as those entering the program, may receive severance pay prior to retirement. Atty. Gen. Op. No. 93-612.
In regard to your question of the need for repayment of severance pay if a person who enters the plan and later decides to discontinue the DROP plan, we believe R.S. 11:790 and R.S.11:1152(K) are significant insofar as they provide once participation in the plan commences, the election to participate is irrevocable. Moreover, the wording of the R.S. 17:425.1 is that the person may elect to receive "on a one-time only basis" severance pay. Therefore, we would conclude there would be no basis for repayment of the severance pay already received.
We find support for this conclusion in the provisions of R.S.11:1152(J) relative to participants in the DROP plan who continue employment after termination of participation. In calculating the monthly retirement benefit for service credit it would include the base benefit plus the amount based upon the service credit for the additional employment "together with conversion of the net amount of sick and annual leave accumulated during that period of employment."
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR